## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Nesret Shu-Ankh Theba,             Civil File No.: 14-CV-3273 (SRN/FLN)

         Plaintiff,

         vs.                        **DEFENDANT'S ANSWER TO**
                                      **PLAINTIFF'S COMPLAINT**

Nationstar Mortgage LLC,

         Defendant.

---

Defendant Nationstar Mortgage, LLC ("Nationstar" or "Answering Defendant") for its Answer and Affirmative Defenses to Plaintiff's Complaint, states and alleges as follows:

### GENERAL DENIAL

Except as hereinafter admitted, explained, qualified, or otherwise responded to, Answering Defendant specifically deny each and every allegation contained in the Complaint.

### ANSWERS TO SPECIFIC ALLEGATIONS

### INTRODUCTION

1.  This action arises out of Defendant Nationstar Mortgage LLC's (hereinafter "Defendant" or "Nationstar") violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). (hereinafter "FCRA").

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 1 of the Complaint that it violated the Fair Credit Reporting Act.

## JURISDICTION

2.      Jurisdiction of this Court over Plaintiff's FCRA claims arises under 15 U.S.C. § 1681 et seq. and 28 U.S.C. § 1331.

**ANSWER:**  The allegations set forth in Paragraph 2 of the Complaint are legal conclusions to which no response is required.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**ANSWER:**  The allegations set forth in Paragraph 3 of the Complaint are legal conclusions to which no response is required.

## PARTIES

4.      Plaintiff Nesret Shu-Ankh Theba (hereinafter "Plaintiff") is a natural person who resides in the City of Saint Paul, State of Minnesota and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to the allegations in Paragraph 4 of the Complaint and thus they are denied. The remaining allegations of this Paragraph are legal conclusions to which no response is required.

5.      Defendant Nationstar is a foreign corporation incorporated under the laws of Delaware and is authorized to do business in the State of Minnesota. Defendant's home office is 2711 Centerville Road, #400, Wilmington, DE 19808 with a

registered agent of Corporation Service Company, 380 Jackson Street, Suite 700, St. Paul, MN 55101. Defendant Nationstar is a "furnisher" of consumer information as defined by 15 U.S.C. § 1681s-2(b).

**ANSWER:** Nationstar states that it is a limited liability company organized under the laws of Delaware. Answering further, Nationstar admits that, from time to time, it conducts business in the state of Minnesota. The remaining allegations of this Paragraph are legal conclusions to which no response is required.

## PURPOSE OF THE FAIR CREDIT REPORTING ACT

6.     Consumer credit plays a major role in the lives of American consumers entering into the American marketplace and the economic system in general. Fair and accurate credit reporting acts as a gatekeeper to credit purchases, employment and income, basic commercial services, insurance coverage, housing rentals, and a broad range of other transactions. Robert J. Hobbs & Stephen Gardner, THE PRACTICE OF CONSUMER LAW 39-40 (2nd ed. 2006).

**ANSWER:**   Paragraph 6 of the Complaint does not state an allegation against Nationstar and thus no response is required.

7.     Congress investigated and determined that the banking system is dependent upon fair and accurate reporting, that inaccurate credit reports directly impair the efficiency of the banking system, and that unfair credit reporting methods

undermine the public confidence which is essential to the continued functioning of

the banking system. 15 U.S.C. § 1681(a)(1).

**ANSWER:** Paragraph 7 of the Complaint does not state an allegation against Nationstar

and thus no response is required.

8.   The Fair Credit Reporting Act (hereinafter "FCRA") was created to "ensure fair

and accurate credit reporting, promote efficiency, and protect consumer privacy."

Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 52 (2007). The FCRA allows

consumers to "protect their reputations and to protect themselves against the

dissemination of false or misleading credit information". See Ashby v. Farms Ins.

Co. of Oregon, 565 F.Supp.2d 1188, 1208-09 (D.Or. 2008).

**ANSWER:** Paragraph 8 of the Complaint does not state an allegation against Nationstar

and thus no response is required.

9.   The FCRA was proposed in 1968 as an amendment to the original Truth in

Lending Act. Senator Proxmire (D-WI) announced his intention to create

legislation addressing the growing frequency of cases in which a consumer "is

unjustly denied because of faults or incomplete information in a credit report," and

entered an initial draft of what would eventually become the FCRA into the

Congressional Record. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8

(5th ed. 2002) (citing 114 Cong. Rec. 24904 (Aug. 2, 1968)) (emphasis added).

**ANSWER:** Paragraph 9 of the Complaint does not state an allegation against Nationstar and thus no response is required.

10. Senator Proxmire listed five types of abuses requiring Congressional response, including biased or one-sided information, and incomplete information. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 115 Cong. Rec. 2411 (Jan. 31, 1969)).

**ANSWER:** Paragraph 10 of the Complaint does not state an allegation against Nationstar and thus no response is required.

11. Congress considered inaccurate and misleading information to be the most serious problem. Anthony Rodriguez et al., FAIR CREDIT REPORTING 10 (5th ed. 2002).

**ANSWER:** Paragraph 11 of the Complaint does not state an allegation against Nationstar and thus no response is required.

12. The FCRA applies to situations in which information relevant to a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" is collected. Anthony Rodriguez et al., FAIR CREDIT REPORTING 5 (5th ed. 2002) (citing 15 U.S.C. § 1681a(d)).

**ANSWER:** Paragraph 12 of the Complaint does not state an allegation against Nationstar and thus no response is required.

13.     An inaccurate or misleading credit report can not only significantly and unfairly lower a consumer's credit worthiness, but can also prevent consumers from full access to the American marketplace and negatively impact a consumer's living standard and general reputation on the whole if a consumer's character and mode of living is not accurately portrayed. Congress enacted the FCRA to prevent this arbitrary and iniquitous result.

**ANSWER:** Paragraph 13 of the Complaint does not state an allegation against Nationstar and thus no response is required.

14.     In 1996, Congress added 15 U.S.C. § 1681s-2 to the FCRA by passing the Consumer Credit Reform Act (hereinafter "CCRA") in an effort to increase the "accuracy and integrity" of information supplied to credit reporting agencies (hereinafter "CRA"). The CCRA included a provision detailing the responsibilities of furnishers of information to consumer reporting agencies. The CCRA subjected data furnishers, who previously were not covered by the FCRA, to requirements related to accuracy and the handling of consumer disputes. Scheduled to sunset in 2003, Congress instead made permanent these provisions in the Fair and Accurate Credit Transactions Act of 2003. Office of Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act 1, 2, 92 (2011), http://www.fte.gov/os/2011/07/110720fcrareport.pdf.

**ANSWER:** Paragraph 14 of the Complaint does not state an allegation against Nationstar and thus no response is required.

15.     Nationstar is a "furnisher" pursuant to the FCRA.

**ANSWER:**   Nationstar admits only that, from time to time, it acts as a "furnisher" as defined by the FCRA.

## FACTUAL ALLEGATIONS

16.     Upon information and belief, Nationstar solicited Plaintiff to participate in the Mortgage Equity Accelerator payment program sponsored by Nationstar.

**ANSWER:**   Nationstar is without knowledge or information sufficient to respond to Paragraph 16 of the Complaint and, therefore, denies the same.

17.     In an effort to pay off her mortgage more quickly, Plaintiff subscribed to the Nationstar Mortgage Equity Accelerator mortgage payment program, administered by Western Union Payment Services.

**ANSWER:**   Nationstar is without knowledge or information sufficient to respond to Paragraph 17 of the Complaint and, therefore, denies the same.

18.     In January and February of 2014, Plaintiff's mortgage payments were withdrawn from her bank account in a timely fashion by Western Union. However, a processing error occurred with the mortgage payment program and the funds were not disbursed to Nationstar until after the due date.

**ANSWER:**  Nationstar is without knowledge or information sufficient to respond to Paragraph 18 of the Complaint and, therefore, denies the same.

19.     Defendant Nationstar did not receive Plaintiff's mortgage payment, as a result of the Western Union error and reported the payments as 30 days late for January and February of 2014 to the three credit reporting agencies, Trans Union, Equifax and Experian, (hereinafter "CRAs").

**ANSWER:**  Nationstar admits it did not receive all requisite mortgage payments from Plaintiff, but denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20.     On March 29, 2014, Plaintiff called Nationstar regarding the payment error of March 5, 2014 and disputed the 30 day lates for January and February.

**ANSWER:**  Nationstar is without knowledge or information sufficient to respond to Paragraph 20 of the Complaint and, therefore, denies the same.

21.     In a letter dated April 7, 2014, Nationstar advised Plaintiff that because her January mortgage payment was not received until February 10, 2014, there would be no changes made on the way Plaintiff's account status being reported to the CRAs.

**ANSWER:**  The allegations set forth in paragraph 21 of the Complaint refer to a writing that should be reviewed for its content.  If Plaintiff mischaracterizes the content of this writing, then Nationstar denies such mischaracterizations.

22.     As a result of Defendant Nationstar correspondence of April 7, 2014, Plaintiff

went on the internet and received her Equifax 3-Bureau credit report dated April

16, 2014. Plaintiff was very disappointed to see that Defendant Nationstar really

was reporting the Nationstar Mortgage tradeline as: Payment History: 30 days late

for January 2014 and Comments: Delinquencies: 01/2014=M2 being reported by

Equifax and Trans Union.

**ANSWER:**  Nationstar is without knowledge or information sufficient to respond to

Paragraph 22 of the Complaint and, therefore, denies the same.

23.     On April 23, 2014, Plaintiff faxed a letter to Nationstar and included her Activity

Statement from Equity Accelerator which clearly showed payments were made on

time. Plaintiff further requested that Nationstar correct the 30 day late payment

being reported to the credit reporting agencies.

**ANSWER:**  Nationstar is without knowledge or information sufficient to respond to

Paragraph 23 of the Complaint and, therefore, denies the same. Further answering, the

allegations set forth in paragraph 23 of the Complaint refer to a writing that should be

reviewed for its content.  If Plaintiff mischaracterizes the content of this writing, then

Nationstar denies such mischaracterizations.

24.     On April 25, 2014, Plaintiff received Nationstar's response which stated they have

reviewed the accounted and determined that a credit correction was not necessary

as the January 2014 payments was not paid until February 10, 2014.

**ANSWER:**   The allegations set forth in paragraph 24 of the Complaint refer to a writing that should be reviewed for its content.  If Plaintiff mischaracterizes the content of this writing, then Nationstar denies such mischaracterizations.

25.     On April 28, 2014, Plaintiff received a letter from Equity Accelerator which indicated "A processing error resulted in the late disbursement of the 01/01/2014 and 02/01/2014. As this was not fault of Nesret Shu Ankh Theba I am writing to request the a waiver of any late fees, as well as any negative credit notations that have been attached to loan number XXXXX4883."

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 25 of the Complaint and, therefore, denies the same.  Further answering, the allegations set forth in paragraph 25 of the Complaint refer to a writing that should be reviewed for its content.  If Plaintiff mischaracterizes the content of this writing, then Nationstar denies such mischaracterizations.

26.     Plaintiff then received Nationstar's correspondence dated May 9, 2014 which stated that they submitted an update to the credit reporting agencies with instructions to adjust their records asking them to remove the negative credit information reported for the months of February and March of 2014.

**ANSWER:** The allegations set forth in paragraph 26 of the Complaint refer to a writing that should be reviewed for its content.  If Plaintiff mischaracterizes the content of this writing, then Nationstar denies such mischaracterizations.

27.     Upon information and belief, Nationstar knew that Plaintiff was solicited and
        knew she did participate in the Nationstar Mortgage Equity Accelerator mortgage
        payment program and knew that the late mortgage payment of Plaintiff's was due
        to a processing error between Western Union and Equity Accelerator and that
        Plaintiff had paid her mortgage in a timely manner.

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Because of the incorrect reporting by Defendant Nationstar for Plaintiff's
        mortgage to the CRAs, Plaintiff has been denied credit.

**ANSWER:**   Nationstar is without knowledge or information sufficient to respond to
Paragraph 28 of the Complaint and, therefore, denies the same.

### PLAINTIFF'S FIRST DISPUTE WITH EQUIFAX

29.     On April 16, 2014, Plaintiff disputed with Equifax online and requested Equifax to
        correctly report her Nationstar tradeline as she was not 30 days past due in January
        or February of 2014.

**ANSWER:**   Nationstar is without knowledge or information sufficient to respond to
Paragraph 29 of the Complaint and, therefore, denies the same.

30.     Upon information and belief, Equifax contacted Defendant Nationstar regarding
        Plaintiff's dispute stating that Nationstar provided false and derogatory
        information regarding Plaintiff's account with Nationstar.

**ANSWER:**  Nationstar is without knowledge or information sufficient to respond to Paragraph 30 of the Complaint and, therefore, denies the same.

31.     Upon information and belief, Defendant Nationstar received Plaintiff's disputes from Equifax and Defendant Nationstar failed to conduct a reasonable investigation, failed to provide accurate information to the credit reporting agencies, failed to note that the account was disputed by Plaintiff, and therefore violated 15 U.S.C. §1681s-2(b).

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Plaintiff received her Equifax credit report online on May 4, 2014 and was very disappointed to see that Defendant Nationstar has continued to report to the CRAs that her Nationstar Mortgage tradeline is 30 days late for January and February of 2014.

**ANSWER:**  Nationstar is without knowledge or information sufficient to respond to Paragraph 32 of the Complaint and, therefore, denies the same.

### *PLAINTIFF'S SECOND DISPUTE WITH EQUIFAX*

33.     On or about May 4, 2014, Plaintiff again disputed online with Equifax and requested Equifax to correctly report her Nationstar tradeline as she was not 30 days past due in January or February of 2014.

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 33 of the Complaint and, therefore, denies the same.

34. Upon information and belief, Equifax pursuant to 15 U.S.C. § 1681i(a)(2) again notified Nationstar of Plaintiff's dispute.

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 34 of the Complaint and, therefore, denies the same.

35. Upon information and belief, Defendant Nationstar again provided and verified the false and derogatory information regarding Plaintiff's account with Nationstar.

**ANSWER:** Nationstar denies the allegations set forth in Paragraph 35 of the Complaint.

36. Upon information and belief, again Defendant Nationstar failed to conduct a reasonable investigation, failed to provide accurate information to the credit reporting agencies, failed to note that the account was disputed by Plaintiff, and therefore violated 15 U. S. C. §1681s-2(b).

**ANSWER:** Nationstar denies the allegations set forth in Paragraph 36 of the Complaint.

37. Plaintiff on multiple occasions received e-mails from Equifax confirming that an investigation into her dispute has been completed.

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 37 of the Complaint and, therefore, denies the same.

### *PLAINTIFF'S FIRST DISPUTE WITH TRANS UNION*

38. On April 16, 2014, Plaintiff disputed with Trans Union online and requested Trans Union to correctly report her Nationstar tradeline as she was not 30 days past due in January or February of 2014.

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 38 of the Complaint and, therefore, denies the same.

39. Upon information and belief, Trans Union contacted Defendant Nationstar regarding Plaintiff's dispute stating that Nationstar provided false and derogatory information regarding Plaintiff's account with Nationstar.

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 39 of the Complaint and, therefore, denies the same.

40. Upon information and belief, Defendant Nationstar received Plaintiff's dispute from Trans Union and Defendant Nationstar failed to conduct a reasonable investigation, failed to provide accurate information to the credit reporting agencies, failed to note that the account was disputed by Plaintiff, and therefore violated 15 U.S.C. §1681s-2(b).

**ANSWER:** Nationstar denies the allegations set forth in Paragraph 40 of the Complaint.

41. On May 3, 2014, Plaintiff received an online investigation results from Trans Union. Plaintiff again was very disappointed to see that Defendant Nationstar was reporting to the CRAs and that the Nationstar Mortgage tradeline was being reported by Trans Union with a Rating of 30 days late for January and February of 2014.

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 41 of the Complaint and, therefore, denies the same.

42.    Plaintiff also reviewed online with Trans Union a Resolution Summary of May 6, 2014 which indicated that Nationstar Mortgage LLC was listed with "New Information", however the Nationstar tradeline continuing to report with a Rating of 30 days late for January and February 2014.

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 42 of the Complaint and, therefore, denies the same.

### *SECOND DISPUTE WITH TRANS UNION*

43.    On May 30, 2014, Plaintiff again sent a dispute letter to Trans Union via U.S. Mail and requested that Trans Union report the Nationstar tradeline correctly as she was not 30 days past due in January and February of 2014. Also, Plaintiff requested confirmation from Trans Union that they corrected the Nationstar tradeline.

**ANSWER:**  Nationstar is without knowledge or information sufficient to respond to Paragraph 43 of the Complaint and, therefore, denies the same.

44.    Upon information and belief, again Trans Union contacted Defendant Nationstar regarding Plaintiff's dispute stating that Nationstar provided false and derogatory information regarding Plaintiff's account with Nationstar.

**ANSWER:**  Nationstar is without knowledge or information sufficient to respond to Paragraph 44 of the Complaint and, therefore, denies the same.

45.    Upon information and belief, again Defendant Nationstar received Plaintiff's disputes from Trans Union and again Defendant Nationstar failed to conduct a

reasonable investigation, failed to provide accurate information to the credit reporting agencies, failed to note that the account was disputed by Plaintiff, and therefore violated 15 U.S.C. §1681s-2(b).

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 45 of the Complaint.

## PLAINTIFF'S DAMAGES

46.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

**ANSWER:** Paragraph 46 of the Complaint is a summary of previous paragraphs to which no response is required, and Nationstar therefore denies the same.

47.    As a result of Defendant's violations, Plaintiff has suffered damage in the form of damage to her credit profile, weakening of her credit worthiness, diminishment of her general reputation, depletion of her credit score, and has had her personal character called into question all of which are part of the 15 U.S.C. § 1681a(d)(1) protections for Plaintiff and other consumers.

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 47 of the Complaint.

48.    Plaintiff was solicited by and enrolled in the Nationstar Mortgage Equity Accelerator to more quickly pay off her mortgage.

**ANSWER:** Nationstar is without knowledge or information sufficient to respond to Paragraph 48 of the Complaint and, therefore, denies the same.

49.     It was important to Plaintiff's psychological well-being and sense of self-worth
        and her general reputation as creditworthy that her accounts were kept current.

**ANSWER:**   Nationstar is without knowledge or information sufficient to respond to
Paragraph 49 of the Complaint and, therefore, denies the same.

50.     Plaintiff also suffered emotional distress in the form of hopelessness, marital
        strife, upset, stress, irritation, loss of sleep, frustration, anxiety, anger, and fear as a
        result of Defendant's conduct.

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 50 of the Complaint.

51.     As a result of Defendant's willful and/or negligent conduct, Plaintiff is entitled to
        actual, statutory, and punitive damages in addition to attorney's fees and costs as
        allowed by 15 U.S.C. § 16810 & n.

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 51 of the Complaint.


## CAUSE OF ACTION

### Trial By Jury

52.     Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7.
        Fed. R. Civ. P. 38.

**ANSWER:**   Nationstar admits the allegations contained in Paragraph 52 of the
Complaint.

### COUNT I.
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT —

**15 U.S.C. § 1681s-2(b)**

53.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated

herein.

**ANSWER:** Paragraph 53 of the Complaint is a summary of previous paragraphs to

which no response is required, and Nationstar therefore denies the same.

54.     Upon information and belief, Defendant Nationstar received notices of Plaintiff's

disputes with the CRAs, thus Defendant Nationstar violated 15 U.S.C. § 1681s-

2(b) by failing to conduct a reasonable investigation, and failing to provide

accurate information to all the credit reporting agencies including, but not limited

to Equifax and Trans Union, that the consumer disputed this reporting.

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Pursuant to 15 U.S.C. §§ 168 ln(a)(1)(A) and 1681o(a)(1), Defendant Nationstar is

liable for Plaintiff's actual damages caused by its failures to investigate, review,

and respond accurately to Plaintiff's disputes about the way her account was being

reported.

**ANSWER:**   Nationstar denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendant Nationstar's conduct, actions, and inactions were willful, rendering it

liable for punitive damages in an amount to be determined at trial pursuant to 15

U.S.C. § 168 ln(a).

**ANSWER:** Nationstar denies the allegations set forth in Paragraph 56 of the Complaint.

57.     In the alternative, Defendant Nationstar's conduct, actions, and inactions were negligent, rendering it liable for actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1).

**ANSWER:** Nationstar denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Plaintiff's damages include but are not limited to emotional distress in the form of hopelessness, marital strife, upset, stress, irritation, loss of sleep, anger, frustration, anxiety, and fear as a result of Defendant's conduct.

**ANSWER:** Nationstar denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Nationstar in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:** Nationstar denies the allegations set forth in Paragraph 59 of the Complaint.

## AFFIRMATIVE DEFENSES

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Nationstar upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the doctrines of unclean hands, laches, waiver, estoppel, judicial estoppel, res judicata and/or collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery under the doctrine of ratification.

## FIFTH AFFIRMATIVE DEFENSE

An award of punitive damages under the circumstances of this case would be unconstitutional.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages, which Nationstar denies it is responsible, Plaintiff has failed to mitigate his alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence was the cause of any damages he claimed and, therefore, Plaintiff was comparatively and/or contributorily negligent.

## EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, Nationstar acted in the utmost good faith and in the belief that its conduct was lawful and proper under the circumstances, and that it performed in a lawful manner.

## NINTH AFFIRMATIVE DEFENSE

Any loss suffered by Plaintiff was not proximately caused by Nationstar.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sustained damages in this matter, which Nationstar specifically denies, then said damages were caused by the conduct of other entities or parties over whom Nationstar had no control or right of control.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because all of the alleged conduct of Nationstar was not intentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid them.

WHEREFORE, Defendant Nationstar Mortgage, LLC respectfully requests dismissal of each of Plaintiff's claims with prejudice, together with the costs, disbursements, and attorney's fees incurred herein, and for such other and further relief as the Court may deem just and proper.

Dated:  September 25, 2014          **DYKEMA GOSSETT PLLC**

By: s/Jared D. Kemper
Jared Kemper, #390427
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
T:  (612) 486-1900
F:  (855) 230-2516
jkemper@dykema.com

ATTORNEY FOR DEFENDANT